**In the Matter of Rudolph C. BELASICK, Bankrupt.**

**Appeal of Avrum H. DANNEN, Trustee, Appellant.**

**No. 75–1575.**

United States Court of Appeals, Seventh Circuit.

Argued April 5, 1976.

Decided Sept. 8, 1976.

Avrum H. Dannen, Eugene Crane, Chicago, Ill., for appellant.

Before FAIRCHILD, Chief Judge, PELL, Circuit Judge, and WYZANSKI, Senior District Judge.*

FAIRCHILD, Chief Judge.

Avrum Dannen, serving both as Trustee and, pursuant to order, as Attorney for the

Trustee in this bankruptcy matter, appeals from an order of the district court reducing the allowance for legal services provided him by the bankruptcy judge.

Out of an estate of $6,220.00, the bankruptcy judge awarded Dannen a total of $3,150.00—$3,000.00 for legal services and $150.00 for services as trustee. A major factor in the bankruptcy judge's decision appears to have been his finding that the estate on its face had appeared to be "no asset," before Dannen succeeded in establishing, apparently after considerable contest, that a prior conveyance of real estate by the bankrupt to a trust was void, thus enabling the real estate to be sold as an asset of the estate.

Pursuant to a local Bankruptcy Rule,[1] see e. g., In re Hamilton Distributors, Inc., 440

* Senior District Judge Charles E. Wyzanski, Jr. of the United States District Court for the District of Massachusetts is sitting by designation.

1. Bankruptcy Rule 25F of the Northern District of Illinois stated in pertinent part:

(f) Following any hearing on applications for allowance, the referee shall prepare an order on the applications.

(1) If (a) the total assets realized in the case do not exceed $500 in the case of a nonbusiness petition, or $1,000 in the case of a commercial or business petition or (b) the total costs of administration do not exceed 25% of the total proceeds realized or $25,000, whichever is less, the order of the referee shall be effective upon entry subject only to review pursuant to a petition for review as provided in Section 39(c) of the Bankruptcy Act and Rule 26 hereof.

(2) All other orders allowing compensation shall be subject to review by and become effective only upon the express approval of a judge of this court. The referee shall file a copy of such orders with the clerk who shall treat the order in the same manner as a Petition for Review and assign it to a judge.

\*       \*       \*       \*       \*       \*

(c) The automatic briefing provisions of Rule 26E shall not apply to the review of such orders unless ordered by the judge assigned to the matter.

Revisions to the local Bankruptcy Rules of the Northern District of Illinois took effect March 17, 1975. Rule 5.13 in pertinent part now states:

Rule 5.13  Order Following Hearing on Applications for Allowance of Fees and Expenses

A.  Exceptions to Time When Order of Referee Takes Effect.

Following any hearing on applications for allowances, the referee shall prepare an order on the applications. The order of the referee shall be effective upon entry except in the following instances:

1. When the net proceeds realized in the estate are between $3,000.00 and $10,000.00 and the costs of administration exceed 30% thereof;

\*       \*       \*       \*       \*       \*

B.  Report of Referee Where Order Does Not Take Effect on Entry.

In those instances where the entry of the order is not effective as specified in A of this Rule, the referee shall prepare and file with the Clerk of the Court within fifteen (15) days of the entry of the order, a report  .    .   . .

\*       \*       \*       \*       \*       \*

C.  Action of the District Judge with Respect to the Report of the Referee.

The judge to whom the report of the referee is referred shall examine the report and determine whether or not he should enter an order withdrawing the case from the referee and assigning it to himself pursuant to Rule 102(b) of the Bankruptcy Rules in order to review or hold hearings on the applications of fees. If no order of withdrawal is entered by the judge within sixty (60) days of the date of reference, the order of the referee shall become effective and the judge shall not thereafter enter an order withdrawing the case, providing that the judge may give written notice to the Clerk at any time prior to the end of the sixty (60) day period that he does not intend to enter an order

F.2d 1178, fn. 2 (7th Cir. 1971), the district court automatically reviewed the allowance because it exceeded a specified percentage of the net estate. Without affording appellant a hearing and without making findings other than saying that "in light of the work required to be performed and benefit to the estate, the fee is indefensible," the district court reduced the attorney fee to $650.00.

The district court's language implies that the bankruptcy judge abused his discretion. Assuming that was the court's view, there is some question whether the record sustains it. More fundamentally, appellant Dannen was provided no opportunity to be heard in the district court to defend the award.[2] While the local rule does not on its face provide for such a hearing, we hold that procedural fairness demands that allowances should not be reduced on automatic review without giving at least the persons adversely affected an opportunity to be heard.

We have cast this decision as a published opinion for future guidance in the Northern District of Illinois, and because some past opinions of this court have been silent as to the procedural issues associated with automatic review of attorneys' fees in bankruptcy cases. See, e. g., In re Hamilton Distributors, Inc., supra; In re Midwest Engineering and Equipment Co., 440 F.2d 326 (7th Cir. 1971). We intimate no view whether or not a reduction is appropriate in this case, nor, if appropriate, as to the amount.

Reversed and remanded for proceedings not inconsistent with this opinion.

Reversed.

---

withdrawing the case. Where such notice is received, the Clerk shall cause it to be docketed and the date of docketing will constitute the effective date of the order of the referee.
The case at bar was decided below at approximately the same time the new rules took effect, and it is unclear from the record which rule the district court applied. However, since the award in this case exceeded 50% of the estate's net assets of $6,220.00, it would have been automatically reviewable under either the old or the new rule.

---

**2.** While the main thrust of appellant's brief is his request for relief on the merits, he does raise the issue of lack of opportunity to be heard below. Although he conceded on oral argument that he did not request such a hearing, we feel that on these facts his omission cannot be deemed a waiver because the local rules of the Northern District neither entitled him to a hearing nor provided adequate opportunity for such a request to be made.